```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

```
UNITED STATES OF AMERICA        )
                                )
      v.                        )      1:23-cr-260-2
                                )
REMY RA ST. FELIX               )
                                )
```

## <u>FINAL INSTRUCTIONS TO THE JURY</u>

 Members of the Jury:

You have now heard all the evidence in the case as well as the final arguments of the lawyers for the parties.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

It is my duty to preside over the trial and to determine what testimony and evidence are relevant under the law for your consideration.  It is also my duty at the end of the trial to instruct you on the law applicable to the case.

## DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts.  But in determining what actually happened in this case — that is, in reaching your decision as to the facts — it is your sworn duty to follow the law I am now in the process of defining for you.

You must follow all my instructions as a whole.  You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the offense charged in the Superseding Indictment.

It is also your duty to base your verdict solely upon the testimony and evidence in the case, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

- 2 -

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF

The Superseding Indictment against the Defendant is not evidence of guilt. Indeed, a defendant is presumed by the law to be innocent. The law does not require a defendant to prove his or her innocence or produce any evidence at all, and no inference whatsoever may be drawn from the election of a defendant not to testify. **[If a defendant does testify, however, you should consider his testimony just as you would any other witness.]** The Government has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit that defendant.

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A reasonable doubt may arise either from the evidence or from a lack of evidence.

- 3 -

## EXCLUDING ARGUMENT OF COUNSEL AND COMMENT OF COURT

As I stated earlier, it is your duty to determine the facts, and in so doing, you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

Also, during this trial, I occasionally made comments to the lawyers, or may have asked questions of a witness, or admonished a witness concerning the manner in which he or she should respond to the questions of counsel. Do not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

- 4 -

## EVIDENCE

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You may consider both direct and circumstantial evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances which tends to prove a disputed fact. You may infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact. Inferences may be drawn only from facts in evidence. They may not be based on mere speculation, guess, or conjecture as to what might have happened.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. The law requires only that you consider all of the evidence and be convinced of a defendant's guilt beyond a reasonable doubt before that defendant

- 5 -

can be convicted.  When the evidence is circumstantial, the circumstances must be proved and not presumed.

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and the weight to be given that testimony.  In making that decision, you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

You may ask yourself whether there was evidence tending to prove that during the trial one or more witnesses may have testified falsely concerning some important fact; or whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and that may depend

- 6 -

on whether it has to do with an important fact or with only an unimportant detail.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did he or she have any particular reason not to tell the truth? Did he or she have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did he or she appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses?

Always keep in mind that the Defendant never has the burden to present any evidence whatsoever.

## PLEA AGREEMENT, IMMUNITY AGREEMENT, AND SUBSTANTIAL ASSISTANCE

In this case, the Government called as some of its witnesses alleged accomplices or co-conspirators with whom the Government has entered into a plea agreement.

The testimony of one who receives an immunity agreement — that is, that the witness will not be prosecuted or that information provided will not be used against him or her in exchange for providing evidence against a defendant — must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the an immunity agreement exists with a witness and, if so, whether the witness's testimony has been affected by any of those circumstances or by his or her interest in the outcome of the case, or by prejudice against a Defendant, or by the benefits that he or she has received as a result of the agreement; and if you determine that the testimony of such a witness was affected by any one or more of those factors, you should keep in mind that such testimony is always to be received with caution and weighed with great care.

Punishment of a person convicted of a federal crime occurring after November 1, 1987, is determined according to a formula or guideline system established by Congress and known as the Federal Sentencing Guidelines. Once an individual's guideline

- 8 -

range has been calculated according to the set formula, a sentencing judge may depart upward or downward from that range. One of the circumstances allowing a downward departure or reduced sentence is when the prosecutor files a motion stating that an alleged co-conspirator provided "substantial assistance" to the Government in the investigation or prosecution of another defendant.

Once a motion acknowledging substantial assistance is filed by the prosecutor, the actual sentence — or whether a sentence already imposed should be reduced and by how much — is determined by the court. Factors which courts might normally consider in determining a sentence for a person who has provided substantial assistance include the prosecutor's recommendation, if he or she chooses to make one; the extent of that alleged co-conspirator's cooperation and its value to the Government; and whether, if the co-conspirator testified as a witness, he or she appeared to be truthful. While the testimony of a person hoping to receive favorable consideration for having provided substantial assistance may be entirely truthful, you should receive it with more care than you would that of an ordinary witness.

An alleged accomplice or co-conspirator, including one who has entered into a plea agreement with the Government, does not thereby become incompetent as a witness. On the contrary, the

- 9 -

testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. However, the jury should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice or co-conspirator unless you believe that testimony beyond a reasonable doubt. The fact that an accomplice or co-conspirator has entered a plea of guilty to the offense charged is not evidence, in and of itself, of the guilt of any other person.

## **RECORDS OF A BUSINESS OR PUBLIC ENTITY**

Furthermore, business records, including records from Wells Fargo, Google, T-Mobile, AT&T, Verizon, and Coinbase [types of records, i.e. phone records, telephone records, geolocation records], have been introduced in evidence. The custodian of the records has testified or otherwise certified in writing that these records are routinely made and kept. You are not bound by any statements or findings of a business or government agency as contained in the records of the agency. It is up to you to decide whether you believe or do not believe any evidence, in whole or in part, and what weight to assign that evidence. You may consider the completeness or incompleteness of the records; the care or lack of care in which they have been preserved; any evidence about who provided the information that was recorded and who actually recorded it; whether the business actually relied upon those records and would likely have been aware of any mistakes; and any other evidence admitted in this case which you find relevant to the accuracy of the records and the weight to be assigned to the records. In short, you should weigh these records just as you would any witness testimony.

Always keep in mind that a defendant never has the burden to present any evidence whatsoever.

- 11 -

## <u>WITNESSES WITH SPECIALIZED KNOWLEDGE</u>

If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters. Those witnesses included Lindsay Chiesa, Harrison Putman, and Lindsey Chiesa.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case. You are the judges of the facts.

## LIMITING INSTRUCTION

During this trial, I admitted evidence for a limited purpose. You may only consider evidence admitted for a limited purpose as I instructed you during trial or as I instruct you in these final instructions.

The Defendant is not on trial for any act not charged in the Superseding Indictment.

## PRIOR STATEMENTS OF A WITNESS

Evidence has been presented of statements made by one or more witnesses prior to this trial. Whether such statements occurred and the weight to be assigned to those statements are matters solely for your consideration.

In certain circumstances, I have admitted testimony as to statements made by a witness prior to trial and while the witness was not under oath. An out-of-court, unsworn statement by a witness may be considered by you solely for the purpose of evaluating that witness's credibility. In other words, if you should find that a witness has said or done something prior to trial at a time when the witness was not under oath, and that statement or act is inconsistent with the witness's present testimony, then you may consider that evidence for the purpose of determining the credibility of that witness and in determining what weight, if any, to give that witness's testimony. You may not consider any out-of-court statement for any other purpose or for the truth of the matter asserted in the out-of-court statement. Whether a witness made an out-of-court statement and what may or may not have been said, and whether that statement is consistent or inconsistent with a witness's testimony are issues solely for the jury to determine.]

- 14 -

## OUT OF COURT STATEMENTS

During the course of this trial, you have heard evidence of statements made prior to trial and while an individual was not under oath.  That evidence includes [statements purportedly made by the Defendant and statements purportedly made by individuals who are alleged to be co-conspirators.

I have admitted evidence and testimony, offered by the Government, as to statements purportedly made by the Defendant in a recording, during electronic communications, and orally.  Whether such statements were in fact made by the Defendant is an issue solely for the jury's determination.  However, if you find the Defendant did in fact make a statement prior to trial, whether in a recording, an electronic communication, or orally to another person or persons, you may consider those statements as evidence for the truth of the matter asserted in the statement.  Whether such a statement was made, what may have been said, and the weight to be assigned that statement are matters solely for the jury's determination.

### OUT OF COURT STATEMENTS BY A CO-CONSPIRATOR

As I will explain in more detail in my instructions to you as to Count One, Count Two, and Count Three, you may, under circumstances which I will explain, consider out-of-court statements made by an individual you find is the Defendant's co-

conspirator, if you also find the statements were made by that
co-conspirator during the conspiracy and in furtherance of the
conspiracy.

Under the law, a "conspiracy" is an agreement between two or
more persons to join together to accomplish some unlawful
purpose. It is a kind of "partnership in criminal purposes" in
which each member becomes the agent or partner of every other
member. Under certain circumstances, statements of co-
conspirators may be considered for the truth of the matter
asserted in those statements. Evidence has been received in this
case that certain persons, alleged to be co-conspirators of the
Defendant, have said things during the existence of the alleged
conspiracy in order to further or advance the goals of the
conspiracy. In your consideration of the evidence, those
statements of these alleged co-conspirators may be considered by
you for the truth of the matter asserted in determining whether
the Government has proven the charges in the Superseding
Indictment only in accordance with these instructions.

To establish a conspiracy offense, and to determine whether
a conspiracy exists, you are to apply the elements [of conspiracy
as set forth in the instructions as to Counts One, Two, and
Three], and you shall apply those elements to this instruction in
determining whether the conspiracy existed.

- 16 -

In your consideration of the evidence, you should first determine whether a conspiracy existed, under the instructions I will give you relating to Counts One, Two, and Three. If you conclude that the conspiracy did exist, you should next determine whether the Defendant knew of the conspiracy and knowingly became a member of the conspiracy. If you should find the Defendant knowingly became a member of the conspiracy, then you may consider any statements of other members of the conspiracy during the alleged conspiracy and in furtherance of the conspiracy for the truth of the matter asserted in those statements. You may not consider any statements made by a co-conspirator before an alleged conspiracy began or after an alleged conspiracy ended.

A statement by a co-conspirator is made in furtherance of the conspiracy if it was intended to promote the conspiracy's objectives, whether or not it actually has that effect.

## SUMMARY CHARTS

Government Exhibits ██████████ are summary charts, that is, a chart which summarizes ██████████ financial records which have been introduced in this case.  These charts are simply to aid you in understanding the underlying documents and records.

The summary chart is not itself independent evidence or proof of any underlying facts.  You are to determine the facts from other evidence introduced in the case.

Whether a summary chart correctly or incorrectly summarizes the underlying evidence is for you to determine.  Should you decide that any summary chart is incorrect or inaccurate in any respect, you should disregard it to that extent.

## IDENTIFICATION

The burden of proof on the Government extends to every element of each crime charged, and this specifically includes the burden of proving beyond a reasonable doubt the identity of the Defendant as the perpetrator of the crime for which he stands charged. You, the Jury, must be satisfied beyond a reasonable doubt of the accuracy of the identification as to the Defendant before you may convict him. If, after examining the testimony, you have a reasonable doubt as to whether the Defendant was the individual who committed the crime charged, you must find the Defendant not guilty of that crime.

During this trial, you have seen photographs, video recordings, and have watched witnesses identify the Defendant in court. This is proper evidence that you should consider together with, and in the same way, you consider the other evidence. In other words, whether to believe that testimony and what weight to assign that testimony and evidence, including who may be depicted in the video or still photographs or whose voice is heard in the audio, is entirely a matter for you, the Jury, to decide in accordance with these instructions. In evaluating the identification testimony of any witness as to an individual or voice portrayed in either the video or still photographs, you may consider all matters including whether the witness had known

- 19 -

or observed the person at earlier times, the quality of the video or photograph, and any other factors you find may reasonably bear on any identification testimony. It is up to you, the Jury, to decide what any video or still photograph depicts and whether any individual depicted in the video or still photograph may be identified as the Defendant or anyone else. You are not bound by the identification testimony of a witness during this trial.

## **TRANSCRIPTS**

During the trial, you were provided with a typewritten transcript of a tape recording that was admitted into evidence. This transcript is intended to aid you in identifying what was said.

Whether a transcript correctly or incorrectly reflects the contents of a conversation or the identity of the speakers is entirely for you to determine. You should make this determination based on any evidence or testimony regarding preparation of the transcript, your own comparison of the transcript to what you heard on tape, and any other relevant evidence or testimony.

Should you determine that the transcript is incorrect or inaccurate in any respect, you should disregard it to that extent. Likewise, if you should determine that any statement from a tape recording is not audible, you should disregard the transcript to that extent.

## SPECIFIC INVESTIGATIVE TECHNIQUES

During the trial, you have heard testimony of witnesses and argument by counsel that the Government did not use specific investigative techniques. You may consider these facts in deciding whether the Government has met its burden of proof because, as I told you, you should look to all of the evidence or lack of evidence in deciding whether the Defendant is guilty.

However, there is no legal requirement that the Government use any of these specific investigative techniques or all possible techniques to prove its case. Your concern is to determine whether or not the evidence admitted in this trial proves the Defendant's guilt beyond a reasonable doubt.

- 22 -

## INTRODUCTION TO OFFENSE INSTRUCTIONS

In this case, the Superseding Indictment charges nine separate offenses, or "counts," as to the Defendant. I will not read the Superseding Indictment to you at this time because you will be given a copy for study during your deliberations.

In summary, Count One charges a violation of Title 18, United States Code, 1349. Count Two charges a violation of Title 18, United States Code, Section 1201(c). Count Three charges a violation of Title 18, United States Code, Section 1951(a). Counts Four, Five, and Six charge separate violations of Title 18, United States Code, Section 1343. Count Seven charges a violation of Title 18, United States Code, Section 1201(a)(1). Count Eight charges a violation of Title 18, United States Code, Section 1951(a). Count Nine charges a violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

Counts One through Three charge the Defendant with conspiracy to commit certain crimes. Counts Four through Nine charge the Defendant with the substantive commission of criminal offenses. For Counts Four through Nine, in addition to the substantive offense charged in each Count, each of these counts also charge a violation of Title 18, United States Code, Section 2.

- 23 -

I will explain the law governing these offenses, including conspiracy and the commission of a substantive offense under Title 18, United States Code, Section 2. As to each of the offenses charged in the Superseding Indictment, I will instruct you as to the specific facts, or elements, that the Government must prove beyond a reasonable doubt before the Defendant can be convicted. Throughout these instructions, I may use the terms "facts" or "elements" interchangeably.

Each offense, and the evidence pertaining to it, should be considered separately. The fact that you may find the Defendant guilty or not guilty or any of the offenses charged should not control your verdict as to any other offense, except as to Counts Eight and Nine, as I will explain.

Each count of the Superseding Indictment must be considered separately, even though there are instructions which apply to more than one count. Because Counts One, Two, and Three charge conspiracy offenses, I will first instruct you on the law you are to apply as to a conspiracy offense. You will apply the conspiracy instruction to each of Counts One, Two, and Three.

- 24 -

## CONSPIRACY INSTRUCTION

## COUNTS ONE, TWO, AND THREE

You will apply the following instructions as to each of Counts One, Two, and Three. Each of Counts One, Two, and Three charge separate conspiracy. Therefore, each count, and the evidence pertaining to it, must be considered separately.

### "CONSPIRACY" DEFINED – PROOF OF EXISTENCE

Under the law, participating in a conspiracy to commit a crime is an entirely separate and distinct offense from the actual violation of the substantive crime that may be the object of the conspiracy. A "conspiracy" is a combination of two or more persons to accomplish some unlawful purpose or to accomplish some lawful purpose by unlawful means. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member. The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan. Nor must the Government prove that the conspirators committed an overt act in furtherance of the conspiracy.

- 25 -

To prove the existence of a conspiracy or an illegal agreement, the Government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding. To prove that a conspiracy existed, moreover, the Government is not required to show that all of the people named in the indictment as members of the conspiracy were, in fact, parties to the agreement, or that all of the members of the alleged conspiracy were named or charged, or that all of the people whom the evidence shows were actually members of a conspiracy agreed to all of the means or methods set out in the indictment.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. Also, a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator. The proof must show, beyond a reasonable doubt, that the Defendant was a voluntary participant and not merely a knowing spectator.

The Superseding Indictment charges a separate conspiracy in Count One, Count Two, and Count Three, among the Defendant and divers other persons, known and unknown. A person cannot conspire

- 26 -

with himself. Therefore, you cannot find the Defendant guilty unless you find beyond a reasonable doubt that the Defendant participated in a conspiracy, as charged in Count One, Count Two, or Count Three, with at least one other person.

MEMBERSHIP IN CONSPIRACY – PROOF OF

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities all of the other alleged conspirators. If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that's sufficient for you to find the Defendant guilty.

In your consideration of the evidence, you should first determine whether a conspiracy existed as charged in either Count One, Count Two, or Count Three. If you conclude that the conspiracy did exist, you should next determine whether the Defendant knew of the conspiracy and knowingly and voluntarily became a member of the conspiracy. If it appears beyond a reasonable doubt through evidence in the case that the conspiracy was formed and that the Defendant knowingly and voluntarily became a member of the conspiracy, either at its inception or afterwards, then the Defendant may be guilty even though the

- 27 -

conspirators may not have succeeded in accomplishing their common object or purpose and, in fact, may have failed in doing so.

To act or participate knowingly means to act or participate voluntarily and intentionally, and with specific intent to do something the law forbids, or with specific intent to fail to do something the law required to be done; that is to say, to act or participate with the bad purpose either to disobey or to disregard the law. So if a defendant, or any other person, with understanding of the unlawful character of a plan, knowingly encourages, advises or assists, for the purpose of furthering the undertaking or scheme, he or she thereby becomes a knowing participant — a conspirator.

One who knowingly joins an existing conspiracy is charged with the same responsibility as if he or she had been one of the originators or instigators of the conspiracy.

In determining whether a conspiracy existed, the jury should consider the actions of all of the alleged conspirators. However, in determining whether the Defendant was a member of the conspiracy, if the jury finds that the conspiracy existed, the jury should consider only the Defendant's statements and the facts pertaining to him. He cannot be bound by the acts of other participants until it is established beyond a reasonable doubt

that (1) that a conspiracy existed and (2) that he was one of its members.

Evidence has been received in this case that certain persons, who are alleged to be co-conspirators of the Defendant, have done or said things during the existence or life of the conspiracy as charged in either Count One, Count Two, or Count Three, in order to further or advance its goal.

If you find that the Defendant was a member of the conspiracy you are then considering, either Count One, Count Two, or Count Three, then such acts and statements of these other individuals may be considered by you in determining whether or not the Government has proven the charges in Count One of the Indictment against the Defendant.

Since these acts may have been performed and these statements may have been made outside the presence of the Defendant and even done or said without the Defendant's knowledge, these acts or statements should be examined with particular care by you before considering them if the Defendant did not do the particular act or make the particular statement.

## COUNT ONE

### 18 U.S.C. §§ 1343 & 1349

The Defendant is charged in Count One of the Superseding Indictment with wire fraud conspiracy in violation of Title 18, United States Code, Sections 1343 and 1349, between the dates of February 2021 and July 2023. 18 U.S.C. § 1349 makes it a separate Federal crime or offense for anyone to knowingly conspire or agree with someone else to do something which, if actually carried out, would be a violation of 18 U.S.C. § 1343.

Before the Defendant can be found guilty of the offense charged in Count One of the Superseding Indictment, the Government must prove beyond a reasonable doubt each of the following facts:

**One:** that two or more persons conspired and agreed to undertake conduct that would constitute a violation of 18 U.S.C. § 1343,

**Two:** that the Defendant knew of the conspiracy; and

**Three:** that the Defendant knowingly and voluntarily became a part of the conspiracy.

Before the Defendant may be convicted of the offense charged in Count One of the Indictment, you must unanimously agree that the Government has proved beyond a reasonable doubt each of these facts. If the Government fails to prove any of

- 30 -

these facts beyond a reasonable doubt, then you must find the Defendant not guilty.

In reaching your verdict as to Count One, you will apply the conspiracy instruction I provided previously in addition to the instructions included herein.

OBJECT OF THE CONSPIRACY: WIRE FRAUD

Title 18, United States Code, Section 1343 makes it a crime to use interstate wire communications to execute a scheme to defraud. The crime of wire fraud contains two elements:

**One:** the Defendant devised or intended to devise a scheme to defraud or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises that were material; and

**Two:** for the purpose of executing the scheme, the Defendant transmitted or caused to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce any writings, signs, signals, pictures, or sounds.

DEFINITIONS

I will now define several terms used with respect to the object of the conspiracy charged. You are to apply the definitions as you consider the evidence and determine whether the Defendant conspired to commit the object offense as charged in the Superseding Indictment. If I do not define certain

- 31 -

concepts or words, you will assign to them their ordinary, everyday meanings.

Fraud is an intentional or deliberate misrepresentation of the truth for the purpose of inducing another to part with a thing of value or to surrender a legal right. Fraud, then, is a deceit which, whether perpetrated by words, conduct, or silence, is designed to cause another to act upon it to his legal injury. A statement, claim or document is fraudulent if it was falsely made, or made with reckless indifference as to its truth or falsity, and made or caused to be made with an intent to deceive. The phrases any scheme or artifice to defraud and any scheme or artifice for obtaining money or property mean any deliberate plan of action or course of conduct by which someone intends to deceive or cheat another or by which someone intends to deprive another of something of value.

The phrase "transmitted any writing, signal, or sound by means of a wire communication in interstate commerce" means to send a communication, such as an email or wire transfer, from one state to another by means of telephone or telegraph lines. In this regard, the Government need not prove that information transmitted by means of wire communication in interstate commerce itself was false or fraudulent or contained any false or fraudulent pretense, representation, or promise, or contained

- 32 -

any request for money or thing of value. What must be proved beyond a reasonable doubt is that the Defendant knowingly devised a scheme substantially the same as the one charged in the superseding bill of indictment, and that the use of the wire communication in interstate commerce was closely related to that scheme, in that the Defendant either wired something or caused it to be wired for the purpose of executing or carrying out the scheme.

It is not necessary for the Defendant to be directly or personally involved in the wire communication in interstate commerce, as long as such wire communication was reasonably foreseeable in the execution of the charged scheme. This does not mean that the Defendant must have specifically authorized others to make the wire communication. When one does an act with knowledge that the use of a wire communication in interstate commerce will follow in the ordinary course of business or where such use can reasonably be foreseen, even though not actually intended, then he causes the wire communication to be made.

To act with an "intent to defraud" means to act knowingly with a specific intent to cheat or deceive for the purpose of depriving another person of, or wronging another person in, that person's property rights, whether tangible or intangible. It is not necessary, however, to prove that anyone was, in fact,

- 33 -

defrauded, as long as it is established that the Defendant acted with the intent to defraud.

A fact is material if it has a natural tendency to influence, or is capable of influencing, the person to whom it was, or would have been, addressed. It is irrelevant whether the false statement or concealed fact actually influenced or affected the decision-making process of the person to whom it was, or would have been, addressed. In other words, something is material if it would be of importance to a reasonable person in making a decision about a particular matter or transaction.

## COUNT TWO

### 18 U.S.C. §§ 1201(a)

The Defendant is charged in Count Two of the Superseding Indictment with conspiracy in violation of Title 18, United States Code, Section 1201(c), between the dates of August 2022 and July 2023. 18 U.S.C. § 1201(c) makes it a separate Federal crime or offense for anyone to knowingly conspire or agree with someone else to do something which, if actually carried out, would be a violation of 18 U.S.C. § 1201(a).

Before the Defendant can be found guilty of the offense charged in Count Two of the Indictment, the Government must prove beyond a reasonable doubt each of the following facts:

**One:** two or more persons conspired and agreed to undertake conduct that would constitute a violation of 18 U.S.C. § 1201(a);

**Two:** that the Defendant knew of the conspiracy;

**Three:** that the Defendant knowingly and voluntarily became a part of the conspiracy; and

**Four:** At some time during the existence or life of the conspiracy, agreement, or understanding, one of its alleged members knowingly performed at least one overt act in the and did so in order to further or advance the purpose of the agreement.

- 35 -

Before the Defendant may be convicted of the offense charged in Count Two of the Indictment, you must unanimously agree that the Government has proved beyond a reasonable doubt each of these facts. If the Government fails to prove any of these facts beyond a reasonable doubt, then you must find the Defendant not guilty.

In addition to this instruction, you will apply the conspiracy instruction I gave you previously.

<u>"OVERT ACT" DEFINED</u>

In order to sustain its burden of proof under Count Two of the Superseding Indictment, the Government must prove beyond a reasonable doubt that one of the members of the alleged conspiracy or agreement knowingly performed at least one overt act and that this overt act was performed during the existence or life of the conspiracy and was done to somehow further the goals of the conspiracy or agreement.

The term "overt act" means some type of outward, objective action performed by one of the parties to or one of the members of the agreement or conspiracy which evidences that agreement. Although you must unanimously agree that the same overt act was committed, the Government is not required to prove more than one overt act. The overt act may, but for the alleged conspiracy or agreement, appear totally innocent and legal.

- 36 -

## OBJECT OF THE CONSPIRACY: KIDNAPPING

Title 18, United States Code, Section 1201 makes it a crime to kidnap another person. The crime of kidnapping contains three elements:

**One:** the Defendant unlawfully, knowingly, and willfully, seized or confined another person;

**Two:** the Defendant held that person for ransom or reward or other reason; and

**Three:** the Defendant traveled in interstate commerce or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense.

## DEFINITIONS

I will now define several terms used with respect to the object of the conspiracy charged. You are to apply the definitions as you consider the evidence and determine whether the Defendant conspired to commit the object offense as charged in the Superseding Indictment. If I do not define certain concepts or words, you will assign to them their ordinary, everyday meanings.

The terms "seized" and "confined" are understood in accordance with their ordinary meaning. In order for the Government to prove this first element, it is not necessary that

- 37 -

the Government prove a person was seized and confined. It is sufficient if the Government proves, beyond a reasonable doubt, that the person was seized or confined. However, the jury must agree, based upon proof beyond a reasonable doubt, as to whether the person was seized or confined or both.

To "hold" means to detain, seize, or confine a person in some manner against that person's will. The holding need only be for an "appreciable period of time," meaning that the holding or detention must be separate and distinct from the kidnapping, seizure, confinement, abduction, or carrying away which you find as to the first element. In other words, the government must prove that the Defendant interfered with, and exercised control over, the victim's actions for some period of time beyond the initial kidnap or seizure, and did so for the purpose of ransom, reward, or other reason.

The requirement that the Defendant held the person for ransom, reward, or for some other reason requires the United States to prove that the Defendant held a person defendant a person "for some benefit." It need not be proved, however, that a kidnapping was carried out for ransom or personal monetary gain so long as it is proved that the accused acted willfully, intending to derive some benefit from his action. A Defendant's reasons for detaining a person could include intangible benefits

- 38 -

such as detaining a person for the purpose of bargaining leverage or for assisting escape after commission of a crime.

"Interstate commerce" simply means movement across a state line.

The term "uses a means, facility, and instrumentality of interstate commerce" means employing or utilizing any method of communication or transportation between one state and another. The term includes, for example, the use of a telephone and the Internet. The government must prove beyond a reasonable doubt that the means, facility, and instrumentality of interstate commerce was used in committing or in furtherance of the commission of the kidnapping. In other words, the government must prove that the use of the means, facility, and instrumentality of interstate commerce furthered, advanced, or helped forward the kidnapping.

The term "unlawfully" simply means contrary to law. An act is done "knowingly" if done purposely and intentionally, as opposed to mistakenly or inadvertently. An act is done "willfully" if it is done knowingly and with the intent to do something the law forbids.

- 39 -

## COUNT THREE

### 18 U.S.C. § 1951(a)

The Defendant is charged in Count Three of the Superseding Indictment with conspiracy to violate 18 U.S.C. § 1951(a), which makes it a separate Federal crime or offense for anyone to knowingly conspire or agree with someone else to do something which, if actually carried out, would be a violation of 18 U.S.C. § 1951.

Before the Defendant can be found guilty of the offense charged in Count Three of the Superseding Indictment, the Government must prove beyond a reasonable doubt each of the following facts:

**One:** two or more persons conspired and agreed to undertake conduct that would constitute a violation of 18 U.S.C. § 1951(a);

**Two:** the Defendant knew of the agreement or conspiracy; and

**Three:** the Defendant knowingly and voluntarily became a part of the conspiracy.

Before the Defendant may be convicted of the offense charged in Count Three of the Indictment, you must unanimously agree that the Government has proved beyond a reasonable doubt each of these facts. If the Government fails to prove any of

- 40 -

these facts beyond a reasonable doubt, then you must find the Defendant not guilty.

<u>OBJECT OF THE CONSPIRACY: HOBBS ACT ROBBERY</u>

Title 18, United States Code, Section 1951(a) makes it a crime to obstruct commerce by robbery. This crime contains two elements:

**One:** The Defendant committed, or attempted to commit, robbery; and

**Two:** that the robbery obstructed, delayed, or affected commerce or the movement of any article or commodity in commerce.

<u>DEFINITIONS</u>

"Robbery" is defined as the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

Commerce means commerce within the District of Columbia, or any territory or possession of the United States; all commerce between any point in a state, territory, possession, or the District of Columbia and any point outside thereof; all commerce

between points within the same state through any place outside such State; and all other commerce over which the United States has jurisdiction.

The Internet, telephones, banks, vehicles, and airplanes are all examples of means that can be used to move items in commerce.

The definition of commodity includes virtual currencies that are exchanged in a market for a uniform quality and value.

The affected commercial activity need not be lawful activity to affect interstate commerce.

If you decide that there was any effect at all on interstate commerce, including the effect on the movement of items in interstate commerce, then that is enough to satisfy this element. The effect can be minimal. You do not have to decide whether the effect on interstate commerce was harmful or beneficial to a particular business, or to commerce in general. The Government satisfies its burden of proving an effect on interstate commerce if it proves beyond a reasonable doubt any effect, whether it was harmful or not.

The Defendant need not have intended or anticipated an effect on interstate commerce. You may find the effect is a natural consequence of his actions. If you find that the Defendant intended to take certain actions – that is, he did the

- 42 -

acts charged in the Superseding Indictment in order to obtain property – and you find those actions have caused an effect on interstate commerce, then you may find the requirements of this element have been satisfied.

## COUNTS FOUR, FIVE, AND SIX

### 18 U.S.C. § 1343

The Defendant is charged in Counts Four, Five, and Six of the Superseding Indictment with a substantive offense in violation of Title 18, United States Code, Section 1343. The Defendant is also charged with a violation of 18 U.S.C. § 2, which relates to aiding and abetting, that I will explain later.

Each Count, and the evidence pertaining to it, must be considered separately. Count Four relates to allegations of a transmission at about on or about April 12, 2023, at 8:23 am that involved a command to transfer approximately 7.49386854 Ether cryptocurrency from Victim-8's Coinbase.com account. Count Five relates to allegations of a transmission on or about April 12, 2023 at about 8:40 am that involved a command to transfer approximately 4.63376598 Bitcoin cryptocurrency from Victim-8's Coinbase.com account. Count Six relates to allegations of a transmission on or about April 12, 2023 at about 8:48 am that involved a command to transfer approximately 1.16478113 Ether cryptocurrency from Victim-8's Coinbase.com account. As you know from the evidence, Victim-8 is Michael Prim.

For you to find the Defendant guilty of each of the offenses charged in Counts Four, Five, and Six, the Government

- 44 -

must prove, for each Count, each of the following facts beyond a reasonable doubt as to the Count you are considering:

**One:** the Defendant devised or intended to devise a scheme to defraud or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises that were material; and

**Two:** for the purpose of executing the scheme, the Defendant transmitted or caused to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce any writings, signs, signals, pictures, or sounds.

It is not necessary for the Defendant to be directly or personally involved in the wire communication in interstate commerce, as long as such wire communication was reasonably foreseeable in the execution of the charged scheme. This does not mean that the Defendant must have specifically authorized others to make the wire communication. When one does an act with knowledge that the use of a wire communication in interstate commerce will follow in the ordinary course of business or where such use can reasonably be foreseen, even though not actually intended, then he causes the wire communication to be made.

Before the Defendant may be convicted of the offenses charged in Counts Four, Fix, and Six of the Superseding Indictment, you must unanimously agree that the government has

- 45 -

proved beyond a reasonable doubt each of these facts. If the Government fails to prove any of these facts beyond a reasonable doubt, then you must find the Defendant not guilty.

<u>DEFINITIONS</u>

I previously defined the terms, "fraud," "transmitted any writing, signal, or sound by means of a wire communication in interstate commerce," "intent to defraud," and "material." My previous definitions apply to your consideration of these Counts.

## COUNT SEVEN

### 18 U.S.C. § 1201(a)(1)

The Defendant is charged in Count Seven of the Superseding Indictment with a violation of Title 18, United States Code, Section 1201(a)(1). The Defendant is also charged with a violation of 18 U.S.C. § 2, which I will explain later.

For you to find the Defendant guilty of the offense charged in Count Seven, the Government must prove, beyond a reasonable doubt, each of the following facts:

**One:** the Defendant unlawfully, knowingly, and willfully, seized or confined another person, that is, Victim-8 and Victim-9, that is, Michael Prim or Carrie Salemi;

**Two:** the Defendant held Michael Prim or Carrie Salemi for ransom or reward or other reason; and

**Three:** the Defendant traveled in interstate commerce or used any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense.

Before the Defendant may be convicted of the offense charged in Count Seven of the Superseding Indictment, you must unanimously agree that the government has proved beyond a reasonable doubt each of these facts. If the Government fails to

- 47 -

prove each of these facts beyond a reasonable doubt, then you must find the Defendant not guilty.

DEFINITIONS

I previously defined the terms, "kidnap", "to hold," "Interstate commerce," and "a means, facility, and instrumentality of interstate commerce." My previous definitions apply to your consideration of this Count.

For the government to meet its burden of proof for Count Seven, you must find that the Defendant seized or confined, Michael Prim or Carrie Salemi as alleged in Count 7 of the Superseding Indictment, and that the Defendant held or detained or otherwise confined the victims for some appreciable period of time against their will after the initial seizure. In other words, the government must prove that the Defendant interfered with, and exercised control over, the victim's actions for some period of time.

It is not necessary that the Government prove the Defendant seized or confined both Michael Prim and Carrie Salemi as required by element One, or held for ransom, reward, or other reason both Michael Prim and Carrie Salemi as required by element Two. It is sufficient if the Government proves, beyond a reasonable doubt, that the Defendant seized or confined either Michael Prim and Carrie Salemi. It is sufficient if the

Government proves, beyond a reasonable doubt, that the Defendant seized or confined Michael Prim or Carrie Salemi. However, you must unanimously agree, based on proof beyond a reasonable doubt, as to which individual was seized or confined, either Michael Prim or Carrie Salemi, or both.

Similarly, it is sufficient if the Government proves, beyond a reasonable doubt, that the Defendant held for ransom, reward, or other reason either Michael Prim or Carrie Salemi. It is sufficient if the Government proves, beyond a reasonable doubt, that the Defendant seized or confined Michael Prim or Carrie Salemi. However, you must unanimously agree, based on proof beyond a reasonable doubt, as to which individual was held for ransom, reward, or other reason, either Michael Prim or Carrie Salemi, or both, and that must be the same individual or individuals you found were seized or confined in accordance with element One.

As I previously instructed in relation to Count Two, the government must prove that the Defendant held a person defendant a person "for some benefit," which can include both monetary benefits as well as intangible benefits such as bargaining leverage or for assisting escape after commission of a crime.

- 49 -

## COUNT EIGHT

### 18 U.S.C. § 1951(a)

The Defendant is charged in Count Eight of the Superseding Indictment with Hobbs Act Robbery in violation of Title 18, United States Code, Section 1951(a). The Defendant is also charged with a violation of Section 2. Section 1951(a) makes it a crime to obstruct commerce by robbery.

For you to find the Defendant guilty of the offense charged in Count Eight, the Government must prove, each of the following facts beyond a reasonable doubt:

**One:** The Defendant committed, or attempted to commit, robbery; and

**Two:** that the robbery obstructed, delayed, or affected commerce or the movement of any article or commodity in commerce.

Before the Defendant may be convicted of the offense charged in Count Eight of the Superseding Indictment, you must unanimously agree that the government has proved beyond a reasonable doubt each of these facts. If the Government fails to prove any of these facts beyond a reasonable doubt, then you must find the Defendant not guilty.

- 50 -

## DEFINITIONS

In my instructions as to Count Three, I previously defined the terms, "commerce," "commodity," and "robbery." My previous definitions apply to your consideration of this Count.

To meet its burden as Count Eight, the government must prove that the robbery charged in the Superseding Indictment had some minimal effect on commerce or the movement of goods or commodities in commerce.

You do not have to decide whether the effect on interstate commerce was harmful or beneficial to a particular business, or to commerce in general. The Government satisfies its burden of proving an effect on interstate commerce if it proves beyond a reasonable doubt any effect, whether it was harmful or not.

- 51 -

## AIDING AND ABETTING UNDER 18 U.S.C. § 2

In addition to the substantive offenses on which I have instructed you, each of Counts Four, Five, Six, Seven, and Eight also charge a violation of 18 U.S.C. § 2 by the Defendant. You shall apply the following instruction as to each of Counts Four, Five, Six, Seven, and Eight in reaching your verdict in addition to the substantive offense instructions I have already provided.

The guilt of an accused in a criminal case may be established without proof that the Defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself or herself may also be accomplished by him or her through direction of another person as his or her agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the Defendant or if the Defendant joins another person and performs acts with the intent to commit a crime, then the law holds the Defendant responsible for the acts and conduct of such other persons just as though the Defendant had committed the acts or engaged in such conduct.

Before any Defendant may be held criminally responsible for the acts of others, it is necessary that the Defendant

deliberately associates in some way with the crime and participates in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the Defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the Defendant voluntarily participated in its commission with the intent to violate the law.

For you to find the Defendant guilty of each of Counts Four, Five, Six, Seven, and Eight under 18 U.S.C. § 2, the Government must prove each of the following facts beyond a reasonable doubt:

**One:** That the offense you are then considering, either Count Four, Five, Six, Seven, or Eight, was committed by some person; and

**Two:** That the Defendant knowingly associated with the criminal venture charged in the count you are then considering;

- 53 -

**Three**: That the Defendant purposefully participated in the criminal venture charged in the count you are then considering; and

**Four:** That the Defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the Defendant shared the criminal intent of the principal. This element cannot be established if the Defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the Defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime in the commission of the offense.

- 54 -

## COUNT NINE

### 18 U.S.C. § 924(c)(1)(A)(ii)

The Defendant is charged in Count Nine of the Superseding Indictment with Use of a Firearm in Furtherance of Count Eight in violation of Title 18, United States Code, Section 924(C)(1)(A)(ii). The Defendant is also charged with a violation of Section 2. Section 924(c)(1)(A)(ii) makes it a crime to knowingly carry and use a firearm during and in relation to a crime of violence.

In order to prove the Defendant guilty of the offense charged in Count Nine, the Government must prove beyond a reasonable doubt each of the following facts:

**One:** that the Defendant knowingly used or carried a firearm; and

**Two:** that the Defendant did so during and in relation to a crime of violence which may be prosecuted in a court of the United States, that is, interference with commerce by robbery as charged in Count Eight.

Before the Defendant may be convicted of the offense charged in Count Nine of the Superseding Indictment, you must unanimously agree that the government has proved beyond a reasonable doubt each of these facts. If the Government fails to

- 55 -

prove any of these facts beyond a reasonable doubt, then you
must find the Defendant not guilty.

If your verdict as to Count Eight is "Guilty," then you
will determine the Defendant's guilt or innocence as to Count
Nine in accordance with these instructions.

If you find the Defendant "Not Guilty" of the offense
charged in Count Eight, then you must also find him "Not Guilty"
as to the offense charged in Count Nine.

DEFINITIONS

18 U.S.C. § 1951(a), as charged in Count Eight of the
Indictment is a crime of violence which may be prosecuted in a
court of the United States.

The term "firearm" means any weapon which will or is
designed to expel a projectile by the action of an explosive.
Regarding proof that what was used or carried was a "firearm," I
instruct you that neither the alleged firearm itself nor expert
testimony is necessary to sustain a conviction. Rather, lay
testimony regarding the use of what a witness believed to be a
firearm may be sufficient. Nor is it necessary for the firearm
to be currently operable; rather, the law only requires that
what was used or carried be designed to fire or be readily
convertible to a firing condition.

- 56 -

To sustain a conviction based on use, the evidence must show more than mere possession: it must show "active employment of the firearm" during and in relation to the robbery. In other words, if the evidence shows only inert presence of a firearm, without more, you should return a verdict of not guilty based on use. The law allows you to consider a wide range of evidence in determining whether the Defendant actively "used" the firearm, as charged. This would include evidence, if any, that a firearm was brandished, specifically referred to, or otherwise actively used during and in relation to the crime of violence in question.

A firearm, or ammunition, is carried in relation to a crime of violence if it has some purpose or effect with respect to the crime and if its presence was not the result of accident or coincidence. The firearm must facilitate, or potentially facilitate, the crime.

Count Nine also charges a violation of 18 U.S.C. § 2. In reaching a decision as to your verdict as to Count Nine, in addition to this instruction on the substantive offense you will apply the instructions I previously gave with respect to aiding and abetting under 18 U.S.C. § 2. However, before you may find the Defendant guilty of aiding and abetting the commission of the offense charged in Count Nine, the Government must also

- 57 -

prove, beyond a reasonable doubt, that the Defendant knew, before committing the offense charged in Count Eight, that another participant in the offense whom the Defendant aided and abetted would carry and use a firearm. In order for the Government to prove the Defendant guilty of the offense charged in Count Nine under 18 U.S.C. § 2, the Government must prove, beyond a reasonable doubt, each of the following facts:

**One:** That the offense charged in Count Eight was committed by some person; and

**Two:** That the Defendant knowingly associated with the criminal venture charged in Count Eight; and

**Three**: That the Defendant purposefully participated in the criminal venture charged in Count Eight; and

**Four:** That the Defendant sought by action to make that venture successful; and

**Five:** the Defendant knew, before committing the offense charged in Count Eight, that another participant in the offense whom the Defendant aided and abetted would carry and use a firearm.

It would not be sufficient, for example, for you to find the Defendant guilty of the offense charged in Count Nine under the aiding and abetting instruction if the evidence shows the Defendant was not aware of the presence of a firearm until after

- 58 -

the commencement of the commission of the offense charged in Count Nine.

If, and only if, you find the Defendant "Guilty" of the offense charged in Count Nine, then you must answer the following special interrogatory:

Was the firearm carried and used during the commission of the offense charged in Count Eight brandished?

_____ (Yes or No)

The burden of proof is on the United States to prove beyond a reasonable doubt that the firearm carried or used was brandished or discharged during the commission of the offense charged in Count Eight. A firearm may have been carried and used without brandishing or carried and used by brandished during the commission of the offense. The term "brandish" as that term is used in this instruction means to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

You must unanimously agree, based upon proof beyond a reasonable doubt, on your responses to these questions. If the Government fails to prove beyond a reasonable doubt, that the firearm was brandished or discharged, then you must answer each of these questions "No."

## UNINDICTED OR ABSENT CO-CONSPIRATORS

Some of the individuals who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged or prosecuted or tried together in one proceeding.

Nor is there any requirement that the names of other co-conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the Government can prove that the Defendant conspired with one or more of them. Whether they are named or not does not matter. You may not draw any inference, favorable or unfavorable, towards the Government or the Defendant on trial, from the fact that certain persons were not named as defendants in the Superseding Indictment or that certain persons were identified as co-conspirators but not indicted.

## KNOWINGLY

The word "knowingly" as that term has been used from time to time in these instructions means that the act was done voluntarily and intentionally and not because of mistake or accident. To act knowingly is to act with knowledge of the facts that constitute the offense but not necessarily with knowledge that the facts amount to illegal conduct, as the government is not required to prove that a defendant knew his acts or omissions were unlawful.

Whether a defendant acts "knowingly" or with certain knowledge may be proved by either direct or circumstantial evidence. In considering whether a defendant acted "knowingly," you may consider, among other things, what a defendant may have said or done or any other facts or circumstances which your reason and common sense tells you is relevant to whether the Defendant had the required knowledge for the element at hand. It is entirely up to you to determine the facts and the weight to be given those facts.

- 61 -

## ON OR ABOUT

You will note that the Superseding Indictment charges that the offenses were committed "on or about" certain dates. The evidence need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged. The determination of "reasonably near" is for you to decide.

## CAUTION

A separate crime or offense is charged against the
Defendant in each count of the Indictment. The number of charges
against the Defendant is not evidence of guilt and your decision
on any one charge, whether it is guilty or not guilty, should
not influence your decision on any of the other charges except
as to Count Nine as I have instructed. Each offense, and the
evidence pertaining to it, should be considered separately. The
fact that you may find the Defendant guilty or not guilty of one
of the offenses charged should not control your verdict as to
the other offenses. For Count Nine, because a verdict of guilty
in Count Eight is a necessary element for a guilty verdict in
Count Nine, a verdict of Not Guilty as to Count Eight will
necessarily result in a guilty of Not Guilty as to Count Nine.

I caution you, Members of the Jury, that you are here to
determine the guilt or innocence of Mr. St. Felix from the
evidence in this case. The Defendant is not on trial for any act
or conduct or offense not alleged in the Superseding Indictment.
Neither are you called upon to return a verdict as to the guilt
or innocence of any other person or persons not on trial as a
defendant in this case.

Also, the punishment provided by law for the offenses
charged in the Superseding Indictment is a matter exclusively

- 64 -

within the province of the court or judge and should never be

considered by the jury in any way in arriving at an impartial

verdict as to the guilt or innocence of the Defendant.

## <u>DUTY TO DELIBERATE</u>

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges — judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## VERDICT FORM

Upon retiring to the jury room, you should first elect one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson for you here in court. A form of verdict has been prepared for your convenience.

The form will, consistent with my prior instructions to you, ask you whether the Defendant, Remy Ra St. Felix, is Guilty or Not Guilty beyond a reasonable doubt as to the offense charged in the Superseding Indictment. If and only if you find the Defendant guilty of the offense charged in the Superseding Indictment, then you must specify the object or objects for which you find the Defendant guilty on the verdict form.

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict and as to all issues, you will have your foreperson fill it in, date it, and sign it. Once you have reached a verdict, please pass a note to the Marshal that you are ready to return to the courtroom with your verdict. Do not disclose your verdict in that note. We will then have you return to the courtroom.

If, during your deliberations, you should desire to communicate with the court, please reduce your message or question to writing signed by the foreperson, knock on the door, and then pass the note to the Marshal who will bring it to my

- 67 -

attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, regarding any message or question you might send, that you should never state or specify your numerical division at that time.

You should discuss the case only in the jury room and only when all twelve of you are present. If one person needs to be excused, even briefly, suspend all discussion until you are all back together again.

If you would like to take a break and leave the jury room, please send a note to the Marshal. I do want to keep track of where you are at any and all times. Upon receipt of your note, I will bring you into the courtroom and dismiss you for a break.

I am sending the exhibits which have been received into evidence with you as you retire for your deliberations. You are entitled to see and consider any or all these exhibits as you deliberate upon your verdict. I will also send back with you a copy of the Superseding Indictment and a copy of these instructions.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, or computer; the

- 68 -

internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, Instagram, TikTok, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.