IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:23CR260-2 |
| | : | |
| REMY RA ST FELIX | : | |

**GOVERNMENT'S AMENDED MOTION FOR ISSUANCE
OF A PRELIMINARY ORDER OF FORFEITURE**

NOW COMES Sandra J. Hairston, United States Attorney for the Middle District of North Carolina, and respectfully submits the United States' Amended Motion for Issuance of a Preliminary Order of Forfeiture in the above-referenced case. In support thereof, the United States sets forth the following:

1. On November 27, 2023, the defendant, REMY RA ST FELIX, was charged in Count One of a Superseding Indictment in case number 1:23CR260-2, with a violation of Title 18, United States Code, Section 1343 and 1349, conspiracy to commit wire fraud; in Count Two with a violation of Title 18, United States Code, Section 1201(c), conspiracy to commit kidnapping; in Count Three with a violation of Title 18, United States Code, Section 1951(a), conspiracy to commit Hobbs Act robbery; in Counts Four, Five, and Six with violations of Title 18, United States Code, Section 1343 and 2, wire fraud; in

Count Seven with a violation of Title 18, United States Code, Sections 1201(a)(1) and 2, kidnapping; in Count Eight with a violation of Title 18, United States Code, Sections 1951(a) and 2, Hobbs Act robbery; and in Count Nine with a violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2, brandishing a firearm during and in relation to a crime of violence.

2.     Upon conviction of one or more of the offenses alleged in Counts One through Eight, the Superseding Indictment and Bill of Particulars sought the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to, or a conspiracy to commit the offenses alleged in Counts One through Eight of the Superseding Indictment, including but not limited to a money judgment in an amount representing the value of the property subject to forfeiture as a result of such offense.  The Superseding Indictment and Bill of Particulars further sought the forfeiture of all right, title and interest in and to any firearms or ammunition involved in or used in the commission of the offense alleged in Count Nine.

3.     On May 1, 2024, the United States Attorney for the Middle District of North Carolina filed a Bill of Particulars identifying the following item of personal property as subject to forfeiture based on the Forfeiture Allegations set forth in the Indictment:

a.     A yellow chain and medallion seized on or about July 27,

2023, from the defendant, REMY RA ST FELIX.

4.     Following a jury trial on June 25, 2024, the defendant, REMY RA

ST FELIX, was found guilty on all Counts in the Superseding Indictment and

the Court set a sentencing date.

5.     Based on the evidence presented at trial, the Government requests

that the Court enter, as the statute requires, an order of forfeiture regarding

the subject personal property.  Under Feb. R. Crim. P. 32.2(b), Federal Rules

of Criminal Procedure, provides, in relevant part:

> (b)(1)(A) As soon as practical after a verdict or finding of guilty, or after
> a plea of guilty or nolo contendere is accepted, on any count in an
> indictment or information regarding which criminal forfeiture is sought,
> the court must determine what property is subject to forfeiture under the
> applicable statute.   If the government seeks forfeiture of specific
> property, the court must determine whether the government has
> established the requisite nexus between the property and the offense.  If
> the government seeks a personal money judgment, the court must
> determine the amount of money that the defendant will be ordered to
> pay.
>
> (b)(1)(B) The court's determination may be based on evidence already in
> the record, including any written plea agreement, and on any additional
> evidence or information submitted by the parties and accepted by the
> court as relevant and reliable.  If the forfeiture is contested, on either
> party's request the court must conduct a hearing after the verdict or
> finding of guilty.
>
> (b)(2)(A) If the court finds that property is subject to forfeiture, it must
> promptly enter a preliminary order of forfeiture, setting forth the
> amount of any money judgment, directing the forfeiture of specific
> property, and directing the forfeiture of any substitute property if the

3

government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

(b)(2)(B) Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

. . .

(b)(3) The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

(b)(4)(A) At sentencing-or at any time before sentencing if the defendant consents-the preliminary forfeiture order becomes final as to the defendant. If the order directs the defendant to forfeit specific property, it remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c).

6.      Based upon the trial evidence, guilty verdict, and other matters of record, the United States has established that the property described in paragraph 3 above is subject to forfeiture, and that the requisite nexus exists between the property and the offense to which the defendant has pled guilty. Accordingly, that property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

7.      Upon issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), the United States will publish notice of this Order and of its intent to dispose of the property described in paragraph 4 above in such manner as the Attorney General may direct, and will take such other steps as are necessary to comply with statutes governing third party rights.

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture forfeiting to the United States the interest of REMY RA ST FELIX in the property set forth above.

This the 11th day of September, 2024.

Respectfully submitted,

SANDRA J. HAIRSTON
United States Attorney

/s/ Eric L. Iverson
Eric L. Iverson
Trial Attorney
Department of Justice, CCIPS

Assistant United States Attorney
NC Bar #46703
Middle District of North Carolina
101 S. Edgeworth Street
Greensboro, NC  27401
Phone: (336) 333-5351

5

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA          :
                                  :
        v.                        :        1:23CR260-3
                                  :
REMY RA ST FELIX                  :

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2024, the foregoing Government's

Motion for Issuance of a Preliminary Order of Forfeiture was electronically

filed with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to the following: Dylan W. Greenwood.


/s/ Eric L. Iverson
Eric L. Iverson
Trial Attorney
Department of Justice, CCIPS

Assistant United States Attorney
NC Bar #46703
Middle District of North Carolina
101 S. Edgeworth Street
Greensboro, NC  27401
Phone: (336) 333-5351