# United States District Court
## Middle District of North Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| REMY RA ST. FELIX | Case Number: 1:23-CR-00260-2 |
| | USM Number: 70520-510 |
| | Alan Doorasamy, Sr. |
| | Defendant's Attorney |



FILED IN THIS OFFICE OCT 17 2024 Clerk U.S. District Court Greensboro, NC

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☒ was found guilty on count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1343 and 1349 | Conspiracy to Commit Wire Fraud | 07/31/2023 | 1s |
| 18:1201(c) | Conspiracy to Commit Kidnapping | 07/31/2023 | 2s |
| 18:1951 | Conspiracy to Commit Hobbs Act Robbery | 07/31/2023 | 3s |
| 18:1343 and 2 | Wire Fraud | 04/12/2023 | 4s, 5s, 6s |
| 18:1201(a)(1) and 2 | Kidnapping | 04/12/2023 | 7s |
| 18:1951(a) and 2 | Hobbs Act Robbery | 04/12/2023 | 8s |
| 18:924(c)(1)(A)(ii) and 2 | Carry and Use, by Brandishing a Firearm During and in Relation to a Crime of Violence | 04/12/2023 | 9s |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ Counts 1 and 2 of the Indictment filed July 31, 2023, are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the economic circumstances.

September 11, 2024
Date of Imposition of Judgment

*William L. Osteen, Jr.*
Signature of Judge

William L. Osteen, Jr., United States District Judge
Name & Title of Judge

10/17/24
Date

DEFENDANT: REMY RA ST. FELIX
CASE NUMBER: 1:23-CR-00260-2

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **564 months.**

**[240 months as to counts 1s, 3s, 4s, 5s, 6s, 8s to run concurrently with each other; 480 months as to count 2s and 7s to run concurrently with each other and concurrently with counts 1s, 3s, 4s, 5s, 6s, 8s; and 84 months as to count 9s to run consecutively to counts 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s]**

☒ The court makes the following recommendations to the Bureau of Prisons: That the defendant be designated to a facility where he may participate in intensive substance abuse treatment, mental health counseling and treatment, educational and vocational training to include commercial driver's license, and to a facility as close to his home in West Palm Beach, Florida as possible.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.

  ☐ at _____ am/pm on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 pm on .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at

_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

BY _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: REMY RA ST. FELIX
CASE NUMBER: 1:23-CR-00260-2

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **five (5) years.**

**[Three (3) years as to counts 1s, 3s, 4s, 5s, 6s, 8s to run concurrently with each other; Five (5) years as to counts 2s, 7s, 9s to run concurrently with each other and counts 1s, 3s, 4s, 5s, 6s, 8s]**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
4. ☒ You must make restitution in accordance with 18 U.S.C §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(Check, if applicable.)*
7. ☐ You must participate in an approved program for domestic violence. *(Check, if applicable.)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: REMY RA ST. FELIX
CASE NUMBER: 1:23-CR-00260-2

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date_____

DEFENDANT:     REMY RA ST. FELIX
CASE NUMBER:   1:23-CR-00260-2

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall abide by the mandatory and standard conditions of supervised release.

The defendant shall cooperatively participate in a mental health treatment program, which may include inpatient treatment, and pay for those treatment services, as directed by the probation officer.

The defendant shall submit to substance abuse testing, at any time, as directed by the probation officer. The defendant shall cooperatively participate in a substance abuse treatment program, which may include drug testing and inpatient or residential treatment, and pay for those treatment services, as directed by the probation officer. During the course of treatment, the defendant shall abstain from the use of any alcoholic beverages.

The defendant shall provide any requested financial information to the probation officer.

The defendant shall submit his person, residence, office, vehicle, or any property under his control to a warrantless search. Such search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

The defendant shall notify the probation officer of any material change in his economic circumstances that may affect his ability to pay restitution, a fine, or the special assessment.

DEFENDANT:     REMY RA ST. FELIX
CASE NUMBER:   1:23-CR-00260-2

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Restitution   | Fine  | AVAA Assessment* | JVTA Assessment** |
|--------|------------|---------------|-------|------------------|-------------------|
| TOTALS | $900.00    | $524,153.39   | $.00  |                  |                   |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

**Total Amount of Restitution $524,153.39 to:**

Tulia and Scott Heissenburg
$7,800.00

Universal Property and Casualty Insurance Company
1110 W. Commercial Blvd.
Fort Lauderdale, FL 33309
$1,000.00   (Property Insurance Company of Tulia and Scott Heissenburg)

Humana
Claims Department
P.O. Box 14601
Lexington, KY 40512-4601
$500.00   (Medical Insurance Company of Tulia and Scott Heissenburg)

Tyrique Evans and Family
$355,800.00

Michael Prim and Carrie Salemi
$2,200.00

Coinbase Insurance
248 3rd Street, #434
Oakland, CA 94607
$156,853.39

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived pursuant to 18 U.S.C. Section 3612(f)(3) for the   ☐ fine   ☐ restitution.

  ☒ the interest requirement for the   ☐ fine   ☒ restitution is modified as follows: **Pursuant to 18 U.S.C. § 3612(f)(3), interest shall accrue after the completion of the term of imprisonment and the term of supervised release.**

---

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: REMY RA ST. FELIX
CASE NUMBER: 1:23-CR-00260-2

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒  Lump sum payment of $525,053.39 due immediately, balance due

☒ in accordance with ☐ C, ☒ D, ☐ E, or ☐ F below; or

B ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐  Payment in equal _____ *(e.g. weekly, monthly, quarterly)* installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☒  Payment in equal monthly installments of $100.00 to commence 60 days after release from imprisonment to a term of supervision and continuing during the entire term of supervised release or until paid in full; or

E ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk of Court, United States District Court for the Middle District of North Carolina, 324 West Market Street, Greensboro, NC 27401-2544, unless otherwise directed by the court, the probation officer, or the United States Attorney. **Nothing herein shall prohibit the United States Attorney from pursuing collection of outstanding criminal monetary penalties.**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒  Joint and Several: Remy Ra St. Felix - 1:23CR260-2; Jose Alfredo Avila - 1:24CR5-1; Haisel Daily - 1:24CR5-2; Ruben Matias Nicolopulos Silva - 1:24CR5-3; Nathan Noel Quintana - 1:24CR5-4; Jesus Manuel Santiago, III - 1:24CR5-5; Deangelo Lee Contreras - 1:24CR5-6; Tristian Rene Gamez – 1:24CR5-7; Victor Gonzalez - 1:24CR5-8; Jesus Salazar - 1:24CR5-9; Cristian Valdez - 1:24CR5-10; Jesus Gerardo Valdez, Jr. – 1:24CR5-11; Jarod Gabriel Seemungal - 1:23CR260-1; and Elmer Ruben Castro - 1:23CR260-3.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  The defendant shall forfeit the defendant's interest in the following property to the United States: **The attached Preliminary Order of Forfeiture as to Personal Property, (Doc. 142), and the attached Order Imposing a Forfeiture Money Judgment, (Doc. 144), each filed in this court on September 11, 2024, are hereby incorporated in this Judgment as the Final Orders of Forfeiture.**

**Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA :
:
v.  :  1:23-cr-260-2
:
REMY RA ST. FELIX :

**PRELIMINARY ORDER OF FORFEITURE AS TO PERSONAL PROPERTY**

WHEREAS, on November 27, 2023, the Defendant, REMY RA ST. FELIX was charged in a Superseding Indictment in Count One with a violation of Title 18, United States Code, Section 1343 and 1349, conspiracy to commit wire fraud; in Count Two with a violation of Title 18, United States Code, Section 1201(c), conspiracy to commit kidnapping; in Count Three with a violation of Title 18, United States Code, Section 1951(a), conspiracy to commit Hobbs Act Robbery; in Counts Four, Five, and Six with violations of Title 18, United States Code, Sections 1343 and 2, wire fraud; in Count Seven with a violation of Title 18, United States Code, Sections 1201(a)(1) and 2, kidnapping; in Count Eight with a violation of Title 18, United States Code, Section 1951(a) and 2, Hobbs Act Robbery; and in Count Nine with a violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) and 2, brandishing a firearm during and in relation to a crime of violence.

AND WHEREAS, the Superseding Indictment included allegations seeking the forfeiture of any property, real or personal, which constitutes or was derived from proceeds traceable to the commission of the offenses charged in Counts One through Eight, or a conspiracy to commit such offenses, as well as all right, title and interest in and to any firearms or ammunition involved in or used in the commission of the offense alleged in Count Nine, pursuant to Title 18, United States Code, Section 924(d), Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c);

AND WHEREAS, on May 1, 2024, the United States Attorney filed a Bill of Particulars identifying and the following item of personal property as subject to forfeiture based on the Forfeiture Allegations set forth in the Superseding Indictment:

    a.    A yellow chain and medallion seized on or about July 27, 2023, from the Defendant, REMY RA ST FELIX;

AND WHEREAS, on June 25, 2024, the Defendant was found guilty on all Counts in the Superseding Indictment and the Court set a sentencing date;

AND WHEREAS, the Court finds that the Defendant's interest in and to the property described above is subject to forfeiture,

- 2 -

Case 1:23-cr-00260-WO   Document 142   Filed 09/11/24   Page 2 of 4
Case 1:23-cr-00260-WO   Document 157   Filed 10/17/24   Page 9 of 13

and that the requisite nexus exists between the property and the offenses of which the Defendant was found guilty.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. As a result of the jury verdict finding the Defendant guilty of the offense charged in the Superseding Indictment, for which the Government sought forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), and based on the evidence presented at trial, the guilty verdict, and other matters of record in this case, the Defendant shall forfeit to the United States the following item of personal property:

   a. A yellow chain and medallion seized on or about July 27, 2023, from the Defendant, REMY RA ST FELIX.

2. Upon entry of this Order, the United States Attorney General (or a designee) is authorized to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

3. Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable

- 3 -

Case 1:23-cr-00260-WO   Document 142   Filed 09/11/24   Page 3 of 4
Case 1:23-cr-00260-WO   Document 157   Filed 10/17/24   Page 10 of 13

proceeding to comply with statutes governing third party rights, including giving notice of this Order.

4. The United States shall publish notice of the Order and its intent to dispose of the property in such a manner as the United States Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

6. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

This the 11th day of September, 2024.

                                                   /s/ William L. Osteen, Jr.
                                                   United States District Judge

- 4 -

Case 1:23-cr-00260-WO   Document 142   Filed 09/11/24   Page 4 of 4
Case 1:23-cr-00260-WO   Document 157   Filed 10/17/24   Page 11 of 13

UNITED STATES OF AMERICA  :  1:23CR260-2
:
v.  :
:
REMY RA ST FELIX  :

## ORDER IMPOSING A FORFEITURE MONEY JUDGMENT

WHEREAS, on June 25, 2024, the defendant, REMY RA ST FELIX, was found guilty by jury on all Counts in the Superseding Indictment, and the Court accepted the verdict; and

WHEREAS, the parties conferred and agreed that a forfeiture money judgment against the defendant in an amount no less than $19,267.00, in that this amount constitutes the value of the unrecovered property derived from or traceable to the criminal violation to which the defendant pled guilty;

WHEREAS, the United States has filed a Motion for Issuance of an Order Imposing a Forfeiture Money Judgment, which would consist of a personal money judgment against the defendant, REMY RA ST FELIX, in the amount of $19,267.00; and

WHEREAS, Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the defendant, REMY RA ST FELIX, shall forfeit to the United States the sum of $19,267.00 pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c);

IT IS FURTHER ORDERED that the United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Order;

IT IS FURTHER ORDERED that pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall become final as to defendant at the time of sentencing, and shall be made part of the sentence and included in the judgment;

IT IS FURTHER ORDERED that the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order to substitute property having a value not to exceed $19,267.00 to satisfy the money judgment in whole or in part; and

IT IS FURTHER ORDERED that the Clerk of the Court shall forward two certified copies of this Order to the United States Attorney's Office, Attention: Lynne P. Klauer, Assistant United States Attorney.

This the 11th day of September, 2024.

William L. Osteen, Jr.
UNITED STATES DISTRICT JUDGE

2

Case 1:23-cr-00260-WO   Document 144   Filed 09/11/24   Page 2 of 2
Case 1:23-cr-00260-WO   Document 157   Filed 10/17/24   Page 13 of 13